IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dwayne Carnell Thomas, ) | Civil Action No. 4:10-cv-70184-TLW |
| ) | Criminal Action No. 4:07-cr-1427 |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

PROCEDURAL HISTORY

This Matter comes before the Court on the pro se Petitioner Dwayne Carnell Thomas' (hereinafter "Thomas" or "Petitioner" or "Defendant") filing of a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence he received after pleading guilty to one count of conspiring to distribute 50 grams or more of crack cocaine. As the record reflects, on September 2, 2008, a federal Grand Jury returned a Superseding Indictment[1] which charged the Defendant (and four co-defendants) in Count 1 with conspiring to distribute and possession with intent to distribute 50 grams or more of cocaine base (commonly known as "crack" cocaine) and 500 grams or more of cocaine, both Schedule II controlled substances, and a quantity of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(D); all in violation of 21 U.S.C. § 846. An Information pursuant to 21 U.S.C. § 851 was filed by the United States of America ("Government") as to Defendant Thomas on November 3, 2008.

---

[1]This was a six count Superceding Indictment, however, Defendant Thomas is named only in Count 1.

1

Pursuant to a written plea agreement, Petitioner entered a plea of guilty to Count 1 of the Superseding Indictment on November 3, 2008. Petitioner was sentenced by the Court on June 3, 2009, to a term of imprisonment of 168 months, to be followed by 10 years of Supervised Release. Defendant received a Downward Departure motion pursuant to 5k1.1 of the U.S.S.G. at sentencing. Judgement in Defendant's case was entered on June 30, 2009. The Petitioner did not file an appeal.

The Petitioner filed the present action on April 26, 2010, alleging a single ground for relief, that being that under the Supreme Court's decision in Chambers v. United States, 129 S.Ct. 687 (2009) and the Fourth Circuits decision in United States v. Rivers, 595 F.3d 558 (4th Cir.2010), the career offender designation no longer applies to him. (Doc. # 344). The Government filed its initial response in opposition to Petitioner's motion to vacate under 28 U.S.C. § 2255 and motion for summary judgment on June 21, 2010. (Docs. # 352 & # 353). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised by Order filed on June 22, 2010 that he had thirty-four days to file any material in opposition to the Government's motion for summary judgment. (Doc. #354). The Petitioner filed a response to the Government's motion for summary judgment on July 26, 2010. (Doc. #356).[2] Thereafter, on November 1, 2010, the Government

---

[2]The Court also notes that on September 17, 2010, Defendant filed a "Motion for Leave to File Supplement Pursuant Fed Rules of Civil Proc. Rule 15(a)" in which Defendant appears seek relief under the Fair Sentencing Act of 2010. The Fair Sentencing Act of 2010 is not retroactive. A statute which does not specifically address retroactivity like the Fair Sentencing Act is controlled by "The Savings Clause," see 1 U.S.C.A. § 109. The Savings Clause mandates that a statute is not to be applied retroactively unless it specifically so states in the statute. Warden v. Morrero, 417 U.S. 653. A ten year mandatory minimum penalty will continue to apply to offenses involving 50 grams or more of cocaine base if the offense conduct occurred prior to August 3, 2010, the date the "Fair Sentencing Act" was signed into law. In this case, defendant was subject to a twenty year mandatory minimum pursuant to the 21 U.S.C. 851 enhancement that was filed in the case. Even if the Sentencing Commission modifies the guidelines as a result of the "Fair Sentencing Act" and makes the guideline modifications retroactive, that will have no effect on the mandatory minimum penalties under the statute.

withdrew its Motion for Summary Judgment filed on June 21, 2010 as to Petitioner's 28 U.S.C. § 2255 Petition, and indicates that it does not oppose Petitioner's request to have his sentence vacated in light of United States v. Rivers, 595 F.3d 558 (4th Cir.2010). The Government does note that its withdrawal motion is limited to the specific facts and circumstances of Petitioner Thomas' case. This matter is ready for disposition

## 28 U.S.C. 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, 28 U.S.C. § 2255 requires Petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." This is the proof needed to allege a constitutional error. "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary

---

Petitioner also appears to seek relief under Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), effective November 1, 2007, and deemed retroactive March 3, 2008. As defendant was sentenced on June 3, 2009, he has already received the benefit of Amendment 706 as the defendant was sentenced pursuant to the Amended Crack Cocaine Guidelines.

demands of fair procedure.' " Leano v. U.S., 334 F.Supp.2d 885, 890 (D.S.C. 2004)*(*quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* motion, and finds that no hearing is necessary.

## SUMMARY JUDGMENT STANDARD

The Government originally filed a response and motion for summary judgment on Petitioner's petition. (Docs. # 352 & # 354). The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. FED.R.CIV.PRO. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. FED.R.CIV.PRO. 56; see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be

4

"no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

The Government has now withdrawn its Motion for Summary Judgment and indicates that it does not oppose Petitioner's request to have his sentence vacated, and to be resentenced in light of Rivers.

## DISCUSSION AND ANALYSIS

Defendant has raised one ground for relief in his petition set forth verbatim:

United States v. Rivers No. 09-4336, 2010 WL 668928 (4th Cir. Feb 2010), and Chambers v. United States 129 S. Ct. 687, 172 L.Ed. 2d 484 (2009) changed the factual predicate for my offense sentence by holding that Failure to Stop for a Blue Light in [sic] not a violent prior offense. The district court used my prior conviction for Failure to stop for a Blue Light to enhance my sentence under the Career Offender Guideline, U.S.S.G. 4B1.1 Without the blue light conviction, I would not have qualified as a Career Offender.

Defendant was sentenced as a career offender, with one of his two predicate offenses being Failure to Stop for a Blue Light. In light of the decisions of Begay v. United States, 553 U.S. 137 (2008), Chambers, and Rivers, and considering the Government's position, which is limited to the specific facts and circumstances of this case, the Court finds it appropriate to grant Petitioner's petition, vacate his sentence, and allow him to be re-sentenced in accordance with this opinion.

## CONCLUSION

Having received the Government's withdrawal of its summary judgment motion, in which

it indicates that it does not oppose Petitioner's request to be re-sentenced under <u>United States v. Rivers</u>, 595 F.3d 558 (4th Cir. 2010), the Court grants the 28 U.S.C. § 2255 motion to be re-sentenced. The Probation Office is requested to prepare a revised presentence report. The Clerk is requested to appoint counsel for Petitioner and set this case for a re-sentencing hearing on January 25, 2011 at 9:30 a.m.

**IT IS SO ORDERED.**

                                                                   s/ Terry L. Wooten
                                            **TERRY L. WOOTEN**
                            **UNITED STATES DISTRICT COURT JUDGE**

December 7, 2010
Florence, South Carolina