IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DWAYNE CARNELL THOMAS, | ) | Civil Action No. 4:12-132-TLW |
| | ) | Criminal No. 4:07-1427-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Dwayne Carnell Thomas. ("Petitioner" or "Defendant"). On September 2, 2008, a federal grand jury returned a Superseding Indictment charging Petitioner with a drug offense in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) and (b)(1)(D), and 846. (Doc. # 91). On November 3, 2008, Petitioner pled guilty to Count 1 of the Indictment, Conspiracy to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841 and 846. (Docs. # 198 and # 214). Also on November 3, 2008, the Government filed an Information pursuant to 21 U.S.C. § 851 alerting Petitioner that his 2003 South Carolina conviction for Distribution of Cocaine exposed him to the increased minimum and maximum penalties set forth in 21 U.S.C. § 841(b)(1)(A). (Doc. # 191). On June 3, 2009, a sentencing hearing was held in which Petitioner was sentenced to a term of imprisonment of 168 months. (Docs. # 312 and # 319). Petitioner did not notice an appeal. Notably, Petitioner did file a first § 2255 petition on April 26, 2010, in which he argued that he was improperly classified as a career offender. (Doc. # 344). On December 7, 2010, this Court granted Petitioner's motion to be resentenced. (Doc. # 367). On January 19, 2011, Petitioner

was resentenced to a term of imprisonment of 144 months. (Doc. # 376). The amended judgment entered February 3, 2011. (Doc. # 378).

On January 12, 2012, Petitioner filed this present action raising two grounds of relief. (Doc. # 393). Petitioner contends that he is serving an illegally enhanced sentence in that his 2003 South Carolina conviction for Distribution of Cocaine is not a felony drug offense capable of supporting a 21 U.S.C. § 851 sentence enhancement. Id. at p.5. Petitioner also alleges ineffective assistance on the part of his defense counsel in failing to object at Petitioner's sentencing to the assignment of one criminal history point based upon Petitioner's 1997 South Carolina conviction for Petty Larceny. Id. at p.6.

On January 19, 2012, the Government filed its response and moved to dismiss and/or for summary judgment. (Docs. # 397 and # 398). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed January 19, 2012 that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. # 399). Petitioner filed a reply memorandum on February 16, 2012. (Doc. # 401). The matter is now ripe for decision.

## **28 U.S.C. § 2255**

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to

prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that '"[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has filed a response and moved for summary judgment as to both grounds for relief raised by Petitioner. In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for

summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner's first argument for relief is that his federal sentence was illegally enhanced based upon a prior South Carolina drug conviction. It is undisputed that the conviction at issue is Petitioner's 2003 conviction for the offense of Distribution of Cocaine, for which the pre-sentence report in Petitioner's case indicates that Petitioner was sentenced to a ten (10) year term of imprisonment suspended to a three (3) year term of probation. (Doc. # 377 at ¶ 97). It is likewise undisputed that while the custodial portion of this sentence was suspended, the offense in question carries with it a maximum term of incarceration of over one year. Rather, Petitioner argues that because he "did not receive a imprisonment sentence that exceed one year" that he should not have been subject to the sentencing enhancement provisions of 21 U.S.C. § 841(b). (Doc. # 393-1 at p.8) (errors in original).

The terms of 21 U.S.C. § 841(b) are clear. A person in violation of that subsection who has committed a prior "felony drug offense" that has become final at the time of sentencing is subject to sentence enhancement. There is no question that the South Carolina drug offense of Distribution of Cocaine that is at issue here, and for which Petitioner himself received a suspended sentence of ten (10) years imprisonment, is a felony drug offense. See S.C. Code § 44-53-370(a) and (b).

In his motion, Petitioner cites the Fourth Circuit's recent opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), as a basis for his argument to the contrary. (Doc. # 393). However, as the Government notes in its response, Petitioner's reliance on this case is misplaced, as Simmons concerned the unique sentencing regime in North Carolina's state court system and a particular North Carolina drug offense the violation of which does not necessarily subject the offender to the possibility of a one year term of incarceration. That is simply not true of the South Carolina offense at issue here.

Based upon the foregoing, Petitioner has not presented any grounds upon which this Court can conclude that his sentence was illegally enhanced based upon his prior state court conviction.

Petitioner's second and final argument for relief is that his defense counsel's failure to object at sentencing to the assignment of one criminal history point based upon Petitioner's 1997 South Carolina conviction for Petty Larceny amounted to ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial.

Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." Id. at 690. Furthermore, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

Petitioner's claim of ineffective of assistance is likewise without merit. The terms of United States Sentencing Guideline § 4A1.1(a)-(c) are clear with respect to prior convictions. A defendant is to receive one criminal history point for each prior sentence that does not result in at least 60 days imprisonment, up to a maximum of four points. In the instant case, Petitioner was properly assessed a single criminal history point for his 2003 Petty Larceny conviction, a conviction for which he did not serve any actual term of imprisonment. Additionally, as the Government points out in its brief, Petitioner had a total of five prior one point convictions, but was only assigned four criminal history points in keeping with the limitation set forth in U.S.S.G § 4A1.1(c). See Doc. # 377 at ¶¶s 93, 94, 97, 99 and 101. As such, even if the Court were to find that Petitioner should not have received a criminal history point for the 2003 Petty Larceny conviction, Petitioner would still have been assigned the maximum of four criminal history points based upon his four other prior one point convictions.

Finally, it should be emphasized here that Petitioner's present § 2255 application is in fact his second such filing and, particularly with respect to his claim for relief based upon ineffective assistance of counsel, Petitioner has cited no newly decided case law or other basis to excuse Petitioner's failure to press this argument in his initial § 2255 petition. Although this

Court has addressed the claims raised on the merits, dismissal would be appropriate, as asserted by the Government, as this habeas petition is a successive filing for which no approval to file has been granted by the Fourth Circuit Court of Appeals.

## **CONCLUSION**

For all of the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 393) and the Government's motion for summary judgment is **GRANTED**. (Doc. # 397).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

July 25, 2012  　　　　　　　　　　　　　　　　　　　　　　　s/Terry L. Wooten  
Florence, South Carolina  　　　　　　　　　　　　　　　　United States District Judge